# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ANDREW BEVINS, JR.,
    Petitioner,

vs.

TIMOTHY BRUNSMAN, WARDEN,
    Respondent.

Civil Action No. 1:08-cv-520

Dlott, J.
Hogan, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on petitioner's motion for abeyance to stay this habeas corpus proceeding until petitioner exhausts a defective indictment claim in the state courts (Doc. 17), petitioner's motion for further expansion of the record to add a sixth ground for relief to his habeas petition alleging a defective indictment claim (Doc. 19), respondent's memorandum in opposition to these two motions (Doc. 21), and petitioner's reply memorandum. (Doc. 24). This matter is also before the Court on petitioner's supplemental motion to amend the habeas petition to add a seventh ground for relief to his habeas petition alleging the denial of assistance of counsel on appeal from his resentencing and to expand the record to include the entry of continuance dated March 15, 2001 (Doc. 25), petitioner's motions for extension of time to file a traverse brief and to amend the petition to add "Grounds Six and Seven" (Doc. 26), and respondent's memorandum in response to the motions to amend and expand the record. (Doc. 27).

## Motion to Expand the Record

Respondent does not oppose petitioner's request to expand the record to include the entry of continuance dated March 15, 2001. (Doc. 27). Respondent has attached a copy of that entry as an exhibit to his response. (Doc. 27, Exh. 2). Accordingly, petitioner's motion to expand the record to include the March 15, 2001 entry of continuance (Doc. 25) is **GRANTED**.

## Motion for Extension of Time to File Traverse

Petitioner's motion for extension of time to file a traverse brief (Doc. 26) is **GRANTED**. The Court notes that subsequent to the filing of the motion for extension, petitioner filed his traverse brief to respondent's return of writ. (*See* Doc. 28). The Court deems this traverse brief to be timely filed.

## Motions for Abeyance and to Amend to Add Ground Six

Petitioner seeks to amend the petition to add a sixth ground for relief alleging that his indictment was defective based on the Supreme Court of Ohio's decision in *State v. Colon,* 118 Ohio St.3d 26, 885 N.E.2d 917 (2008) ("*Colon I*"). *See* Doc. 21, Exhs. A-E. Petitioner previously sought a stay of this habeas corpus proceeding to allow him to pursue relief in the state courts on this claim. (Doc. 17). While the motion for stay and abeyance was pending, the Supreme Court of Ohio denied petitioner leave to appeal on his defective indictment claim. (Doc. 27, Exh. 1). Thus, petitioner's defective indictment claim has now been fully exhausted and petitioner's motion for abeyance (Doc. 17) should be **DENIED** as moot.

The remaining question for the Court is whether petitioner may amend his petition to allege a defective indictment claim as Ground Six of the petition. Rule 15, Fed. R. Civ. P., governs the amendment of pleadings in civil cases and applies to federal habeas corpus proceedings. *Mayle v. Felix,* 545 U.S. 644, 655 (2005). The rule provides in relevant part that after a responsive pleading is served, a party may amend his pleading on leave of court which should freely be given "when justice so requires." Fed. R. Civ. P. 15(a). The factors the Court considers in determining whether to grant leave to amend include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue

2

prejudice to the opposing party, and futility of amendment." *Coe v. Bell,* 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste,* 39 F.3d 125, 130 (6th Cir. 1994)), *cert. denied,* 528 U.S. 842 (1999). The Court should deny the motion to amend where an amendment of the petition would be futile. *See Smith v. Brunsman,* 626 F.Supp.2d 786, 796 (S.D. Ohio 2009) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Coe,* 161 F.3d at 341-42). *See also Moss v. United States,* 323 F.3d 445, 476 (6th Cir.), *cert. denied,* 540 U.S. 879 (2003). A proposed amendment is deemed futile if it lacks merit on its face. *See, e.g., Moss v. United States,* 323 F.3d 445, 476 (6th Cir. 2003).

In this case, petitioner seeks to add a claim for relief based on the Ohio Supreme Court's decision in *State v. Colon,* 118 Ohio St.3d 26, 885 N.E.2d 917 (2008) ( *Colon I* ), which held an indictment that fails to charge the *mens rea* element of a crime violates the constitutional right to notice and due process. The *Colon I* court determined that "[w]hen an indictment fails to charge a *mens rea* element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment." 118 Ohio St.3d 26, 26, 885 N.E.2d 917 (syllabus). The Ohio Supreme Court found that such an error is "structural" and can be raised as an issue for the first time on appeal. *See id.* at 29-35, 885 N.E.2d at 921-26.

Petitioner asserts that the aggravated-burglary count of his indictment was defective under *Colon I* because it did not charge a culpable mental state. (Doc. 21, Exhs. A-C). Petitioner's motion to amend the petition to add a claim under *Colon I* should be denied as futile because the new rule announced in *Colon I* applies prospectively only and to cases pending on April 9, 2008 when *Colon I* was decided. *See State v. Colon,* 119 Ohio St.3d 204, 893 N.E.2d 169 (2008) ( *Colon II* ). As the Ohio Court of Appeals explained, petitioner's case was not pending on April 9, 2008:

Bevins was convicted in 2005 of aggravated burglary and rape. In his direct appeal,

3

> we vacated his sentences and remanded for resentencing under *State v. Foster*, but we affirmed the judgment of conviction in all other respects. The trial court resentenced Bevins in January 2007. Bevins did not timely appeal from his resentencing. In December 2007, this court denied him leave to appeal, and in March 2008, the Ohio Supreme Court denied his motion to file a delayed appeal there.
>
> In June 2008, Bevins filed with the common pleas court a "Motion to Vacate Conviction." The court overruled the motion, and this appeal followed.
>
> In his motion, Bevins sought relief from his aggravated -burglary conviction under the rule announced by the Ohio Supreme Court in its April 2008 decision in *State v. Colon*. . . . But in July 2008, the supreme court held that the *Colon* rule "applies only to those cases pending on the date [it] was announced," and that it *"may not be applied to a conviction that has become final."* Bevins's aggravated-burglary conviction became final in March 2007, when the time for taking a direct appeal from his convictions had expired. Thus, because Bevins's case was not "pending" in April of 2008, *Colon* did not provide him with a ground for relief.

(Doc. 21, Exh. A at 1-2) (footnotes omitted) (emphasis added).

Here, it is clear from the record that petitioner's case was not pending in the state courts when the *Colon I* decision was announced in April 2008 because petitioner's conviction and sentence had become "final" more than one year before *Colon I* was decided. Petitioner's conviction and sentence became "final" when the thirty-day period expired for filing a timely appeal from the trial court's January 2007 resentencing.[1] Therefore, *Colon I* does not apply retroactively to petitioner's case and any amendment of the petition to include a defective indictment claim based on *Colon* would be without merit. Accordingly, an amendment of the petition to add a claim based

---

[1] The Supreme Court has stated that "[s]tate convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely petition has been finally denied.'" *See Allen v. Moore,* Case No. 1:05cv731, 2007 WL 651248, at *4 n.1. (S.D. Ohio Feb. 23, 2007) (Barrett, J.) (unpublished) (quoting *Beard v. Banks,* 542 U.S. 406, 411 (2004) (in turn quoting *Caspari v. Bohlen,* 510 U.S. 383, 390 (1994)). Thus, in this case, petitioner's conviction became final when the thirty-day period expired for filing an appeal as of right from his conviction and sentence. *See* Ohio App. R. 4(A). Therefore, his subsequent post-conviction petitions, which were filed after this expiration date, may not be taken into account in determining whether or not petitioner's case was "pending" on the date the decision in *Colon I* was announced. *See Sammie v. Warden, Lebanon Correctional Institution,* No. 1:08-cv-741, 2009 WL 3124220, at *9, n. 3 (S.D. Ohio Sept. 29, 2009).

on *Colon* would be futile and should be denied. *Cf. Keeling v. Warden, Lebanon Corr. Inst.*, No. 1:08cv231, 2009 WL 1065870, at * 5-7 (S.D. Ohio Apr. 20, 2009) (Barrett, J.; Black, M.J.) (unpublished) (denying stay in case where the petitioner, whose conviction became "final" years before *Colon I* was decided, sought to exhaust a claim based on *Colon* in the state courts); *Leonard v. Warden, Lebanon Corr. Inst.*, No. 1:08cv87, 2009 WL 1416064, at *9 (S.D. Ohio May 19, 2009) (Dlott, C.J.; Hogan, M J.) (unpublished) (in pointing out that petitioner had not alleged any claim based on *Colon,* the court stated: "[E]ven if he had and even if he asked for a stay of proceedings to exhaust this claim in the state courts, the claim would be 'plainly merit less' because the Ohio Supreme Court has subsequently held that its holding in *Colon I* applies prospectively only, and to cases pending on April 9, 2008, when *Colon I,* was decided."). For these reasons, petitioner's motion for further expansion of the record to add a sixth ground for relief to his habeas petition alleging a defective indictment claim (Doc. 19) and motion to amend the petition (Doc. 26) should be **DENIED**.

## Motion to Amend and Expand the Record to Add Ground Seven

Petitioner also seeks to expand the record and to amend his petition to add a seventh ground for relief alleging the denial of assistance of counsel on appeal after his January 2007 resentencing. (Docs. 24, 25, 26). Respondent contends the motion to amend should be denied because proposed Ground Seven is procedurally defaulted and waived and barred by the statute of limitations. (Doc. 27). The Court agrees that proposed Ground Seven is procedurally defaulted and waived.

Petitioner alleges that he was denied the appointment and assistance of counsel on appeal from his January 2007 resentencing by the trial court. Petitioner states that at his resentencing hearing, he advised the trial court he would "like to appeal that decision." (Doc. 23 at Tr. 10). The

5

trial judge advised him "I'll give your appeal rights" (Tr. 11) and subsequently advised petitioner of his rights on appeal. (Tr. 13). A discussion ensued concerning petitioner's desire to appeal an unrelated case (Tr. 14-15), but no further discussion was had on an appeal of his resentencing.

Nearly one year later, petitioner filed a motion for delayed appeal in the Ohio Court of Appeals on the basis that he did not knowingly and intelligently waive his right to a direct appeal and that the "trial court failed to appoint appellant counsel after I expressed a desire to appeal after my resentencing on January 31st 2007." (Doc. 9, Exhs. 39, 40). The Ohio Court of Appeals denied the motion for delayed appeal on the basis that petitioner failed to provide sufficient reasons for failure to perfect an appeal as of right. (Doc. 9, Exhs. 42, 43). Petitioner timely appealed the Court of Appeals' denial to the Ohio Supreme Court and argued a single proposition of law: "The trial court erred to the substantial prejudice of defendant appellant by rendering a resentence prohibited by the ex post facto provision of the United States Constitution." (Doc. 9, Exh. 45 at 2). Petitioner did not fairly present the denial of appointment of appellate counsel issue to the Ohio Supreme Court and therefore procedurally defaulted his proposed Ground Seven of the petition.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757

6

F.2d 94, 97, 99-100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985). To fairly present federal claims to the Ohio courts, a petitioner must raise the substance of them in direct or delayed appeals to the Ohio Court of Appeals and the Ohio Supreme Court. *Clinkscale v. Carter*, 375 F.3d 430, 437-38 (6th Cir. 2004). If the petitioner fails to do so, he may have waived the unraised claims for purposes of federal habeas corpus review. *See Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled that in order to satisfy the "fair presentation" requirement, a habeas corpus petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied*, 532 U.S. 958 (2001); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). This means the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *Franklin*, 811 F.2d at 325 (citing *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)); *see also Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987).

A set of four guidelines has been developed for determining whether a claim was presented in such a way as to alert the state court of the claim's federal nature. *McMeans*, 228 F.3d at 681. Under these guidelines, a petitioner may fairly present to the state courts the constitutional nature of his claim by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Id.*; *Franklin*, 811 F.2d at 326.

The use of a "generalized catch-all phrase," which merely alleges the denial of a fair trial under the United States Constitution, does not adequately alert the state courts of the constitutional

7

nature of the claim where the "only legal theory presented to the state courts was predicated entirely upon state evidentiary law." *Franklin,* 811 F.2d at 326. "While a petitioner need not cite chapter and verse of constitutional law, general allegations of the denial of rights to a fair trial and due process do not fairly present claims that specific constitutional rights were violated." *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006) (internal citations and quotations omitted). Generally, a claim is not fairly presented to a state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese,* 541 U.S. 27, 32 (2004).

In his motion for delayed appeal to the Ohio Court of Appeals, petitioner asserted he was denied appointed counsel on appeal from his resentencing. However, in his appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' denial of his motion for delayed appeal, petitioner presented an altogether different claim: that the sentenced imposed by the trial court on resentencing violated the ex post facto provision of the United States Constitution. Petitioner argued to the Ohio Supreme Court that the retroactive application of *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470, *cert. denied,* 127 S.Ct. 442 (2006), to his case on resentencing violated the ex post facto clause. (Doc. 9, Exh. 45 at 2-3). By not presenting his denial of appointed counsel on appeal claim to the Ohio Supreme Court petitioner fails to satisfy the fair presentation requirement for purposes of federal habeas review. "A claim raised in the state Court of Appeals but not in the state Supreme Court cannot be considered in federal habeas." *Morales v. Coyle,* 98 F.Supp.2d 849, 862 (N.D. Ohio 2000) (citing *Leroy v. Marshall,* 757 F.2d 94, 100 (6th Cir. 1985); *O'Sullivan,* 526 U.S. 838). Petitioner's failure to fairly present his appointment of appellate counsel claim to the state's highest court constitutes an adequate and independent state procedural rule barring habeas review. *See*

*Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985), *cert. denied*, 474 U.S. 831 (1985). Therefore, petitioner has procedurally defaulted his denial of appellate counsel claim.

If, because of a procedural default, a petitioner can no longer present his claims to a state court, he has waived them unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

Petitioner has not demonstrated either cause for the procedural default of his proposed denial of appellate counsel claim or actual prejudice resulting from the alleged constitutional violation. Nor has petitioner shown that if his claims are not considered on the merits a "fundamental miscarriage of justice" will occur, that is, that the alleged constitutional violations "probably resulted in the conviction of one who is actually innocent" of the crimes charged. *See Murray*, 477 U.S. at 495-96; *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995); *cf. Souter v. Jones*, 395 F.3d 577, 597-602 (6th Cir. 2005). It is well-established that "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

To establish a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324; *see also Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 427 (6th Cir. 2003). Petitioner has failed to present any new, reliable evidence showing he is actually innocent of

9

the crimes for which he was convicted. Accordingly, any federal claims associated with proposed Grounds Seven of petition is procedurally defaulted and waived for purposes of federal habeas review. As such, permitting petitioner to amend his petition to add a denial of appellate counsel claim would be futile and should be **DENIED**.

## IT IS THEREFORE ORDERED:

1. Petitioner's motion to expand the record to include the entry of continuance dated March 15, 2001 (Doc. 25) is granted.

2. Petitioner's motion for extension of time to file a traverse brief (Doc. 26) is granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's motion for abeyance to stay this habeas corpus proceeding until petitioner exhausts a defective indictment claim in the state courts (Doc. 17) be denied as moot.

2. Petitioner's motion for further expansion of the record to add a sixth ground for relief to his habeas petition alleging a defective indictment claim (Doc. 19) be denied.

3. Petitioner's supplemental motion to amend the habeas petition to add a seventh ground for relief to his habeas petition alleging the denial of assistance of counsel on appeal from his resentencing (Doc. 25) be denied.

4. Petitioner's motion to amend the petition to add "Grounds Six and Seven" (Doc. 26) be denied.

Date: 12/14/09
KI

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ANDREW BEVINS, JR.,
    Petitioner,

vs.

TIMOTHY BRUNSMAN, WARDEN,
    Respondent

Civil Action No. 1:08-cv-520

Dlott, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **FOURTEEN (14) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within **FOURTEEN (14) DAYS** after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

11

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br><br>Andrew Bevins #411-997<br>Chillicothe Corr. Inst.<br>PO Box 5500<br>Chillicothe, OH 45601 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 4452 |
| PS Form 3811, August 2001 | Domestic Return Receipt   102595-02-M-1540 |

1:08 cv 520 (Doc. 29)