# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ANDREW BEVINS, JR.,

        Petitioner,       :      Case No. 1:08-cv-520

  - vs -                      District Judge Susan J. Dlott
                              Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,
Lebanon Correctional Institution,

                              :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment (ECF No. 37) which the Warden opposes (ECF No. 39) and in support of which Petitioner has filed a Reply (ECF No. 40). The Magistrate Judge referral in this case was transferred to the undersigned as part of the effort to balance the workload among Western Division Magistrate Judges (ECF No. 44).

Petitioner brings his Motion under Fed. R. Civ. P. 60(b)(4) which provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void." Bevins theory is that this Court's judgment in his habeas corpus case, entered January 25, 2010, is void for lack of subject matter jurisdiction for two reasons:

    First, "the State never issued a final order terminating his third
    trial," and

1

> Second, "the January 31st, 2007 judgment entry from the fourth trial Court is not a final appealable order," yet this Court used that judgment entry to review Petitioner's habeas corpus [petition]."

(Reply, ECF No. 40, PageID 740.)

Petitioner's theory is that this Court did not have jurisdiction to entertain his habeas corpus petition because the Hamilton County Common Pleas Court failed to terminate his third trial with a physical journal entry on October 31, 2003 (Motion for Relief, ECF No. 37, PageID 722).

When Bevins filed his habeas corpus petition invoking this Court's jurisdiction, he complained of judgments of conviction on April 18, 2001, and August 5, 2005 (ECF No. 1, PageID 1, ¶ 1). No mention was made of an October 31, 2003, judgment. When he filed, Bevins claimed he was being held in the custody of the Warden of the Lebanon Correctional Institution and asserted his custody was unconstitutional in five different ways (ECF No. 1). Magistrate Judge Timothy Hogan issued an Order to the Warden to show cause as to why he was holding Bevins and to respond to the raised claims (Order, ECF No. 3). Warden Brunsman answered, asserting he had custody of Bevins pursuant to "a judgment entry of conviction for aggravated burglary, rape, escape and assault, by the Court of Common Pleas, Hamilton County, Ohio." (Return of Writ, ECF No. 9, PageID 30.) The judgment on which the Warden asserted he was holding Bevins is the Judgment Entry of January 2007 (Return of Writ, ECF No. 9, citing Exh. 38).

In his Report and Recommendations on the merits, Magistrate Judge Hogan found that Bevins' "case was tried yet a third time, in October 2003, ending in a hung jury." (ECF No. 30, citing Return of Writ, ECF No. 9, Exh. 33, PageID 287; Exh. 50, PageID 393.) Neither of the

referenced exhibits constitutes a journal entry declaring a mistrial. Bevins complains in the Motion before the Court that "[w]ithout a journal entry there is no way he can appeal his mistrial." (ECF No. 37, PageID 722.) He asserts that the absence of an appealable entry declaring a mistrial deprives him of due process by denying him an appeal.

If Bevins were claiming that the lack of an appealable order declaring a mistrial was a constitutional violation on which he should be released from custody, then this Rule 60(b)(4) Motion would constitute a second or successive habeas corpus petition on which this Court could not act without prior permission of the Sixth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(2). The Warden asserted that was the case and asked that the Motion be transferred to the Sixth Circuit on that basis (Response, ECF No. 39, PageID 735-738). In his Reply, Bevins continues to insist that he is not raising a new claim about the underlying judgment, but a claim that this Court's judgment is void for lack of subject matter jurisdiction (ECF No. 40).

The Magistrate Judge believes it is appropriate to take Petitioner at his word and deal with his Motion as one truly made under Fed. R. Civ. P. 60(b)(4), attacking the validity of this Court's habeas judgment, rather than as raising a new claim which would require permission from the Court of Appeals. Compare *Gonzalez v. Crosby*, 545 U.S. 524 (2005). Particularly as Petitioner is *pro se*, he is entitled to have his pleadings construed liberally in his favor. *Williams v. CSX Transportation Co., Inc.,* 643 F.3d 502, 510 (6th Cir. 2011), *citing Federal Exp. Corp. v. Holowecki,* 552 US. 389, 402 (2008); *see also*, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993).

Construing the Motion as truly seeking relief from this Court's judgment, it is without merit. 28 U.S.C. § 2241 confers jurisdiction on the United States courts to grant the writ of

habeas corpus. This authority has been part of the authority of federal judges since the Judiciary Act of 1789. Indeed, the Constitution of the United States forbids suspension of the writ except under extraordinary circumstances.

The nature of habeas corpus is that it tests the validity of a person's confinement in custody. Absent custody, there is no habeas corpus jurisdiction because there is no custodian who can be ordered to release the person who claims to be illegally confined. So, for example, when a sentence expires before a habeas petition is filed, the petitioner is not sufficiently in custody to invoke the federal habeas jurisdiction. *Maleng v. Cook*, 490 U.S. 488 (1989). However, a person released on bond is sufficiently in custody to invoke federal habeas corpus jurisdiction. *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294 (1984); *Hensley v. Municipal Court,* 411 U.S. 345 (1973); *Lawrence v. 48th District Court*, 560 F.3d 475 (6th Cir. 2009); *McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989).

A habeas court does not exercise appellate jurisdiction over state criminal courts and their judgments. This point is frequently misunderstood by habeas corpus petitioners who ask habeas corpus courts to reverse asserted errors of state law or, as Petitioner has done, to "remand" a case to the state courts. (See Motion, ECF No. 37, PageID 726.) This distinction is important because state appellate courts may lack jurisdiction over a state trial court judgment if the trial court has not entered an appealable order. See, e.g., Ohio Revised Code § 2505.02.

Absence of a final appealable state court judgment, which might prevent a state appellate court from exercising jurisdiction, does not prevent a habeas court from doing so. *See, e.g., Lydon, supra*, permitting exercise of jurisdiction over a claimed unconstitutional bond. Another example would be Double Jeopardy claims. The Supreme Court has made it plain that the

4

Double Jeopardy Clause protects against a second trial, not just against conviction at a second trial. *Abney v. United States,* 431 U.S. 651 (1977). For that reason, a double jeopardy claim is cognizable in federal habeas corpus prior to the "second" trial. *Lydon, supra*; *Reimnitz v. State's Attorney of Cook County,* 761 F.2d 405, 408 (7th Cir. 1985); *Malinovsky v. Court of Common Pleas of Lorain County*, 7 F.3d 1263 (6th Cir. 1993). To put it another way, a habeas petitioner with a double jeopardy claim is not required to exhaust the remedy of direct appeal from a verdict at a second trial before invoking our habeas jurisdiction. The Sixth Circuit reaffirmed these principles and specifically affirmed a district court's granting of a stay of Ohio Common Pleas Court proceedings pending decision on a pre-trial double jeopardy habeas petition in *Harpster v. Ohio*, 128 F.3d 322 (6th Cir. 1997).

Thus Petitioner's claim that this Court lacked subject matter jurisdiction over his habeas corpus case is completely without merit because our habeas jurisdiction does not depend on whether the habeas petitioner is confined pursuant to what Ohio considers a "final appealable order."

Petitioner's Motion for Relief from Judgment should be denied on the merits. Respondent's position that the Motion is untimely is also well taken, but Respondent is not prejudiced by a denial on the merits. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 8, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).