**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

ANDREW BEVINS, JR.,

Petitioner, : Case No. 1:08-cv-520

- vs -

District Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,
Lebanon Correctional Institution,

:

Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTIONS FOR RELIEF FROM JUDGMENT AND SUMMARY JUDGMENT

This habeas corpus case is before the Court on Petitioner's Reply (ECF No. 49) to the Magistrate Judge's Reports and Recommendations (ECF Nos. 45 & 46) on Bevins' Motions for Relief from Judgment (ECF No. 37) and for Summary Judgment (ECF No. 41). Judge Dlott has treated the Reply as objections and recommitted the case for reconsideration in light of the objections (Recommittal Order, ECF No. 51).

This is a habeas corpus case in which this Court entered final judgment dismissing the Petition with prejudice on January 25, 2010 (ECF No. 34). No appeal was taken and the case remained closed for over five years until Bevins filed his Motion for Relief from Judgment on July 27, 2015.

Although it was he who invoked this Court's habeas jurisdiction in 2008, he now claims the Court lacked authority to exercise that jurisdiction and hence has moved to vacate the

judgment under Fed. R. Civ. P. 60(b)(4) on grounds it is void for lack of jurisdiction. In the original Report, the Magistrate Judge agreed that this was a proper Rule 60(b) motion and not a second-or-successive habeas petition in disguise (ECF No. 45, PageID 758). Bevins agrees with that characterization (Reply, ECF No. 49, PageID 781).

Bevins is also correct that if this Court's judgment is void for lack of subject matter jurisdiction as he claims, a motion under Fed. R. Civ. P. 60(b)(4) is an appropriate remedy. The fact that all parties consented to the exercise of jurisdiction would be irrelevant, because parties cannot create subject matter jurisdiction in a federal court by consent and a judgment entered without subject matter jurisdiction is indeed void.

Bevins does not deny that in general federal district courts have subject matter jurisdiction in habeas corpus to consider state court convictions. Instead, he claims jurisdiction is not proper in this case for two reasons:

(1) There is no final judgment entry memorializing the mistrial declared in his third trial on October 31, 2003, and

(2) The purported judgment of January 31, 2007, on which he is being held by Respondent, is not a "final appealable order" as that term is understood in Ohio law.

**The 2003 Mistrial**

With respect to the first of these claims, Magistrate Judge Timothy Hogan, to whom this case was first referred, found from the record that Bevins' third trial ended in a hung jury and the trial court thereupon declared a mistrial (Report, ECF No. 30, PageID 689). There is no paper in

the state court record that constitutes a journal entry declaring that mistrial and Bevins repeats the truism that Ohio courts speak only through their journal entries (Reply, ECF No. 49, PageID 783). But not every violation of state procedural law constitutes a violation of the United States Constitution. Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

As pointed out in the original Report, the Double Jeopardy Clause protects a person from a second trial when a mistrial has been improperly declared (Report, ECF No. 45, PageID 759-60). If the declaration of mistrial was improper, Bevins remedy was to move to dismiss the case on double jeopardy grounds before the fourth trial began. By not raising that claim, he has forfeited it. And indeed he does not now make a Double Jeopardy claim in this case.

**The Final Appealable Order Issue**

Respondent Warden claimed his authority to hold Bevins in custody arose from the January 31, 2007, judgment (Return of Writ, ECF No. 9, PageID 35, referencing Exhibit 38, PageID 352-53). It is this document that Bevins claims is not a final appealable order under

Ohio law. According to the Motion, the deficiency is

> The judgment entry that this Court used to review Petitioner's Habeas Corpus Petition allegedly terminating his fourth trial is not a final appealable order because it does not reference his sexual predator status or the factors used to establish such a status, it does not comply with O.R.C 2950.09 which provides that the court "shall specify in the defendant's sentence and the judgment of conviction that contain the sentence" that the court has determine that the defendant is a sexual predator and shall specify that the determination is pursuant to O.R.C. 2950.09(B)(4).
>
> These requirements should have been placed in Petitioner's January 31st, 2007 judgment entry. *State v. Taylor* 2014 Ohio App. Lexis 3424 [*4-5] (8th Dist.), *State v. Graig* 2005 Ohio App. Lexis 90 [*45] (5th Dist. 2005), *State v. Converse* 2005 Ohio App. Lexis 5198 [*10] (3nd Dist. 2005).

(Motion, ECF No. 37, PageID 725.)

The Court assumes without deciding that Ohio law does require that the classification of a defendant as a sexual predator is supposed to appear in the final judgment of conviction and sentence and that failure to comply with that requirement would render a judgment not a final appealable order, with all the consequences that might have under Ohio law. Bevins never explains why that has any consequence for federal district court habeas corpus jurisdiction, nor does he cite any authority holding that the lack of a final appealable order under Ohio law deprives a district court of subject matter jurisdiction to inquire into the constitutionality of someone's custody.

If it were the case that a state court could prevent habeas review of its judgments of imprisonment, one could easily imagine a state trial court omitting some aspect of the judgment and then moving to dismiss for lack of jurisdiction when the inmate sought habeas relief.

As pointed out in the original Report, this Court's habeas jurisdiction depends on a person's being in custody and not whether the state court followed its own law in committing the

person (Report, ECF No. 45, PageID 759-60). See *Mackey v. Warden*, 525 Fed. Appx. 357 (6th Cir. 2013)(holding a state court judgment can be final for habeas corpus purposes even if it is not a "final appealable order" under Ohio law.)

Ultimately Bevins belies his own position because he concludes his Reply by asking that this Court discharge him from custody (Reply, ECF No. 49, PageID 785). But ordering Respondent to discharge Bevins would be an exercise of precisely that jurisdiction he asserts we do not have.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that Bevins' Motions for Relief from Judgment and for Summary Judgment be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 3, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the

proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).