# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ANDREW BEVINS, JR.,

        Petitioner,     :     Case No. 1:08-cv-520

 - vs -     District Judge Susan J. Dlott
     Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,
 Lebanon Correctional Institution,

                                                     :

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTIONS FOR RELIEF FROM JUDGMENT AND SUMMARY JUDGMENT

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 53) to the Magistrate Judge's Supplemental Report and Recommendations on both Petitioner's Motion for Relief from Judgment and Motion for Summary Judgment (ECF No. 52). Previously, Petitioner had objected to the Magistrate Judge's Reports and Recommendations on his Motion for Relief from Judgment (ECF No. 45) and for Summary Judgment (ECF No. 46).

As required by Fed. R. Civ. P. 72, the Court has reviewed the findings and conclusions of the Magistrate Judge and has considered *de novo* all of the filings in this case with particular attention to the issues as to which Petitioner has lodged objections.

Petitioner Andrew Bevins filed this habeas corpus case August 6, 2008 (Petition, ECF No. 1). After full litigation, the case was dismissed with prejudice January 25, 2010 (ECF No.

1

34).  More than five years later, on July 27, 2015, Bevins filed the instant Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(4), claiming the judgment dismissing this case was void for lack of jurisdiction (ECF No. 37).

While conceding federal districts courts have subject matter jurisdiction generally to consider constitutional claims of state prisoners, he asserts there was no jurisdiction in this case for two reasons:

(1) There is no final judgment entry memorializing the mistrial declared in his third trial on October 31, 2003, and

(2) The purported judgment of January 31, 2007, on which he is being held by Respondent, is not a "final appealable order" as that term is understood in Ohio law.

Regarding the 2003 mistrial, the Magistrate Judge acknowledged there was no written entry in the state court record declaring that mistrial.  Relying on the truism that Ohio courts of record speak only through their journal entries, Bevins insists his 2003 trial was never properly terminated.  As the Magistrate Judge noted, that is a matter of state law.  The Supreme Court of the United States has never held that an Ohio court's failure to journalize a mistrial, or to journalize any other entry for that matter, violates a prisoner's constitutional rights or deprives a federal habeas court of jurisdiction to consider that prisoner's custody.

Bevins also complains that the judgment entry on which he is actually confined, entered January 31, 2007, is not a final appealable order under Ohio law.  Whether or not that is correct, it does not impact this Court's subject matter jurisdiction.  If Bevins believes he is injured by the lack of a final appealable order in that case, he can petition the state appellate court for mandamus to compel the correction.  But our jurisdiction, unlike that of the Ohio appellate

courts, does not depend on there being a "final appealable order" under Ohio law.

Bevins concludes his latest Objections by asking this Court to dismiss his case and discharge him (ECF No. 53, PageID 805).  But if the Court lacks jurisdiction, as Bevins asserts, it plainly cannot exercise jurisdiction by releasing him

Accordingly, the Magistrate Judge's Reports and Recommendations are ADOPTED and the Motions for Relief from Judgment and Summary Judgment are DENIED.  Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February  25, 2016.

                ____s/Susan J. Dlott_____
                  Susan J. Dlott
                  United States District Judge